IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| PHILLIP RENTAS ANCIANI, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:19-cv-00169 |
| DAVIDSON COUNTY SHERIFF OFFICE, | ) ) ) ) | JUDGE RICHARDSON |
| Defendants. | ) ) | |

## **ORDER**

Plaintiff Phillip Rentas Anciani, proceeding *pro se*, brings this civil complaint against the Davidson County Sheriff Office [sic] ("DCSO"), alleging that he was deprived of necessary psychiatric treatment when he was in the custody of the DCSO in 2014. Plaintiff claims that he did not know how much the lack of treatment affected him until 2019.

As an initial matter, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is pending. Plaintiff receives approximately $900 per month in disability or Social Security payments and is in possession of $20 cash and $16 in a checking account. Annualized, $900 per month equates to $10,800, well below the poverty threshold for a single-person household, based on the guidelines published by the U.S. Department of Health and Human Services. *See* https://aspe.hhs.gov/poverty-guidelines (last accessed February 27, 2019). For good cause shown, Plaintiff's Application is **GRANTED**, and the Clerk is **DIRECTED** to file this case *in forma pauperis*.

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any complaint filed *in forma pauperis* and dismiss it if it is frivolous or malicious, fails to state a claim for which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). A "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Plaintiff asserts claims for violations of his constitutional rights under 42 U.S.C. § 1983. In order to state a claim under § 1983 for which relief may be granted, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).

The only defendant named in this case is the DCSO. It is well established that in Tennessee

federal courts, a sheriff's office or police department is not a "person" subject to suit under 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at \*\*2-3 (M.D. Tenn. Aug. 25, 2010) (noting that, "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the Section 1983 claim against the Davidson County Sheriff's Office). Consequently, Plaintiff's Section 1983 claim against the DCSO must be dismissed for failure to state a claim for which relief may be granted.

Even if the Court were to construe Plaintiff's complaint as an attempt to state claims against Davidson County, Tennessee, instead of the DCSO, it would still be subject to dismissal. While Davidson County is a suable entity, it is responsible under Section 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, (2011) (internal citations and quotation marks omitted). Under Section 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations in the complaint are insufficient to state a claim for municipal liability against Davidson County under Section 1983. The complaint does not identify or describe any of

3

Davidson County's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Davidson County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Davidson County.

For the reasons set forth herein, this case is **DISMISSED**. This is the final order in this action, and the Clerk shall enter judgment in accordance with Fed. R. Civ. P. 58.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE